IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Willie Johnson, | Civil Action No. 9:18-3028-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Bryan P. Stirling, West Price, Sgt. A. Hudson, Sgt. Story, Sgt. Wright, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 20) recommending that the Court dismiss with prejudice Plaintiff's amended complaint, deny Plaintiff's motion for a preliminary injunction and deny Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court adopts the R & R as the Order of the Court, dismisses Plaintiff's amended complaint with prejudice, denies Plaintiff's motion for a preliminary injunction and denies Plaintiff's motion for leave to proceed *in forma pauperis*.

## I. Background

Plaintiff is a *pro se* incarcerated person who brings this action pursuant to 42 U.S.C. § 1983. At the time he initiated this action, Plaintiff was incarcerated at the Kirkland Correctional Institutional ("KCI") of the South Carolina Department of Corrections ("SCDC") and is now incarcerated at the Broad River Correctional Institution. Plaintiff amended his complaint, although the amended complaint asserts substantially the same allegations. Plaintiff also moves for a preliminary injunction, which appears to seek that he be moved back to KCI to resume cancer treatment. (Dkt. No. 15 at 1.)

-1-

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

### A. Plaintiff's Amended Complaint (Dkt. No. 22) is Dismissed with Prejudice.

After careful review of the R & R and Plaintiff's Objections (Dkt. No. 27), the Court finds that the Magistrate Judge thoroughly addressed the issues and correctly concluded that Plaintiff's amended complaint, accorded an appropriately liberal construction for a *pro se* litigant, should be denied with prejudice.[1]

As an initial matter, this action is subject to *sua sponte* dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the Proper Form Order (Dkt. No. 9). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these

---

[1] The Magistrate Judge recommends dismissal with prejudice on the basis that, having granted Plaintiff's motion to amend the complaint (Dkt. No. 21), the amended complaint remains deficient and the proposed second amended complaint (Dkt. No. 25) would be futile. (Dkt. No. 20 at n.8).

rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,'. . ."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

Plaintiff's amended complaint is also subject to dismissal on the merits. First, Plaintiff requests that the Court "enforce" the ruling of *Frew v. Hawkins*, 540 U.S. 431 (2004) to reinstate the so-called *Nelson* consent decree, which concerned prison conditions at SCDC facilities and was entered in *Plyler v. Leeke*, No. 82-cv-876, 1986 WL 84459 (D.S.C. Mar. 26, 1986). As the Magistrate Judge noted, the *Nelson* consent decree was terminated in June 1996, which was affirmed by the United States Court of Appeals for the Fourth Circuit, *Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996), and the Court lacks the authority or jurisdiction to enforce a terminated prison consent decree. Plaintiff next makes various allegations as to conditions at SCDC facilities other than where he was housed and that relate to other inmates. These claims are subject to dismissal because a *pro se* incarcerated person may not seek redress on behalf of other inmates. *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1975).

Plaintiff next alleges that Defendant Stirling, Director of SCDC, violated his civil rights by accepting him as an inmate without proper commitment papers. This is a challenge to the fact or duration of Plaintiff's confinement, which may not be brought pursuant to 42 U.S.C. § 1983 because a writ of habeas corpus is the sole mechanism for relief. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Moreover, "there is simply no evidence, other than Plaintiff's say-so, that he is being improperly detained" without proper commitment papers. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 813 (D.S.C. June 20, 2008) (Duffy, J.). Plaintiff similarly asserts that Defendant Stirling

conspired with state judicial personnel, who are not defendants in this action, to violate Plaintiff's civil rights, but the amended complaint, given an appropriately liberal construction, fails to allege facts beyond mere "speculation and conjecture" of an agreement to violate Plaintiff's rights. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421-22 (4th Cir. 1996).[2] Moreover, as employees of the SCDC sued in their official capacities, Defendants are entitled to Eleventh Amendment immunity from suit for monetary damages. *Alden v. Maine*, 527 U.S. 706 (1999).

The Court carefully considered Plaintiff's Objections and finds they are without merit. For these reasons, Plaintiff's amended complaint is dismissed with prejudice.

**B.     Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 15) is Denied.**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted). To warrant such interim relief, Plaintiff must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). As the Magistrate Judge outlines for each factor in turn, Plaintiff fails to make a clear showing of each requirement as it relates to his claim brought under 42 U.S.C. §

---

[2] The Magistrate Judge also properly notes that Plaintiff may not seek damages for damages for mental anguish or emotional harm. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Moreover, there is no evidence Plaintiff first exhausted all available administrative remedies before bringing suit, especially where his claims are predicated on facts alleged to have occurred after the filing of this action. *See* 42 U.S.C. § 1997e.

1983. Plaintiff's motion does not address the four required *Winter* factors and the Court finds he has not clearly demonstrated, in particular, that he will succeed on the merits of his claim nor that he will be irreparably harmed absent judicial intervention. Therefore, Plaintiff's motion for a preliminary injunction is denied.

**C.     Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. No. 2) is Denied.**

As the Magistrate Judge notes, Plaintiff did not submit a completed Financial Certificate, as is required to evaluate his motion for leave to proceed *in forma pauperis*. An inmate authorizes and consents to collection of the $350 filing fee in accordance with 28 U.S.C. § 1915(b) by signing a Financial Certificate, then submits it to the authorized correctional facility officer with the required information. Without such required documentation, Plaintiff's motion is denied.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 20) as the Order of the Court. Plaintiff's amended complaint (Dkt. No. 22) is **DISMISSED WITH PREJUDICE** and without issuance and service of process. Plaintiff's motion for a preliminary injunction (Dkt. No. 15) is **DENIED** and Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April /0, 2019
Charleston, South Carolina