# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Willie Johnson, | Civil Action No. 9:18-3028-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Bryan P. Stirling; West Price; Sgt. A. Hudson; Sgt. Wright; Emily A. Farr; Dr. Rick Toomey, Director of DHEC; Elizabeth Simmons; Dr. Stacy Smith; Lt. Kimberly Story, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 57) recommending that the Court partially dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and partially dismisses Plaintiff's Complaint. (Dkt. No. 47.)

## I. Background

Plaintiff is a *pro se* individual housed at the Broad River Correctional Institution. He brings this action pursuant to 42 U.S.C. § 1983. The Court previously dismissed Plaintiff's First Amended Complaint because it contained vague allegations and pleading deficiencies. (Dkt. No. 29.) The Plaintiff filed a motion to reconsider the Court's order dismissing his case. (Dkt. No. 32.) The Court granted Plaintiff's motion to reconsider, vacated the prior order dismissing the First Amended Complaint, and referred the case back to the Magistrate Judge for a review of Plaintiff's Second Amended Complaint. (Dkt. No. 35.) The Court issued an additional order directing Plaintiff to bring his case into proper form order. (Dkt. No. 46.) Plaintiff provided the necessary documents to bring the case into proper form. (Dkt. No. 47.) In his Second Amended Complaint,

Plaintiff alleges claims of civil rights conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985, denial of due process and equal protection, deliberate indifference to a serious medical need, violation of procedural due process as to the filing of grievances, and placement in unsafe conditions of confinement. (Dkt. No. 47.) The Magistrate Judge issued an R & R recommending the Court dismiss all of Plaintiff's claims except his claim for medical deliberate indifference. (Dkt. No. 57.) The Plaintiff filed timely objections. (Dkt. No. 61.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff timely filed objections in this case and the Court reviews the R & R de novo.

## III. Discussion

Upon a review of the Magistrate's comprehensive analysis of Plaintiff's Second Amended Complaint, the Court finds the Magistrate Judge ably addressed the issues. Plaintiffs first cause of action for a civil rights conspiracy claim is insufficiently plead. In order to assert a claim for civil conspiracy, a Plaintiff must set forth specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.

1996.) Plaintiff alleges that Defendant Farr along with various other Defendants violated his civil rights because they conspired to allow the South Carolina Department of Corrections ("SCDC") to use "EMT" Defendant West as a nurse when Defendant West was not a licensed nurse as required under South Carolina law and SCDC policy. (Dkt. No. 47 at 2–6.) In his objections to the R & R, Plaintiff argues that there is "reasonable doubt" Defendants conspired with one another. (Dkt. No. 61 at 3.) Yet, Plaintiff does not plead facts to suggest the Defendants shared the same conspiratorial objective and Plaintiff's claims do not rise above speculation and conjecture. The Court agrees with the R & R of the Magistrate Judge and dismisses Plaintiff's civil rights conspiracy claim.

The Magistrate Judge analyzed Plaintiff's second claim for due process and equal protection violations and correctly determined these allegations fail to state a claim. Plaintiff alleges that Defendant Stirling violated his civil rights by Stirling's failure to abide by his own policies and procedures because he allowed Plaintiff to remain in custody on unsigned court orders. (Dkt. No. 47 at 8.) The Magistrate correctly construed these allegations as a challenge to a factor or duration of Plaintiff's confinement, which is not an actionable § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–490 (1973)). A petition for writ of habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier relief. *Id.* Further, Plaintiff's allegation that Defendant failed to follow the policies of SCDC fails as the failure of "prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." *Johnson v. S.C. Dep't of Corr.*, No. 3:06-2062-CMC-JRM, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007). As such, the Court dismisses Plaintiff's due process claims.

In addition, Plaintiff alleges that his equal rights were violated. The Magistrate Judge correctly determined that Plaintiff failed to allege which equal protection rights have been violated. (Dkt. No. 57 at 7.) To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). The complaint does not specify to whom Plaintiff is similarly situated and that he was treated differently from others. In addition, the complaint fails to allege facts to demonstrate unequal treatment as the result of intentional or purposeful discrimination. As such, the Court dismisses Plaintiff's equal protection claims.

Plaintiff's third claim concerns inadequate medical treatment. Upon a review of these claims the Court finds the Magistrate Judge ably addressed these issues. First, Plaintiff alleges Defendants Price, Story, and Wright conspired to falsely state that Plaintiff refused medical treatment and had Plaintiff transferred to the Broad River Correctional Institution because of this alleged refusal of treatment. (Dkt. No. 47 at 10). The Magistrate Judge correctly concluded that these claims are subject to dismissal because Plaintiff alleges these allegations occurred after the filing of this lawsuit. Based on the allegations in the Complaint, Plaintiff has not exhausted his administrative remedies for any claims that occurred after November 8, 2018. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (noting that district courts may dismiss a prisoner's complaint where the failure to exhaust administrative remedies prior to filing suit is obvious on the face of the complaint.)

Regarding medical care, Plaintiff also asserts that between May 26, 2017 until November 8, 2018 he did not receive adequate medical care. The Magistrate Judge liberally construed these allegations into a claim for medical deliberate indifference claim. (Dkt. No. 57 at 8.) Deliberate

indifference to an inmate's serious medical needs constitutes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1979). "A deliberate indifference claim consists of two components, objective and subjective. Objectively, the inmate's medical condition must be serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "Subjectively, the defendant must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* "To show an Eighth Amendment violation, it is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.*

In this case, Plaintiff alleges that he was diagnosed with myeloma bone cancer in December 2016. (Dkt. No. 47 at 9.) He alleges that Defendant Price cancelled Plaintiff's stem cell transplant around August of 2017. (Dkt. No. 47 at 10.) Plaintiff alleges he did not receive adequate medical care because Defendants Price and Simmons were unlicensed and improperly directed his medical care. (Dkt. No. 57 at 10–13.) Plaintiff further alleges that Defendants Stirling, Farr, Simmons, and Smith violated his constitutional rights because they knew that Defendants Price and Simmons were unqualified but hired them and allowed them to direct Plaintiff's medical care. (*Id.*) Viewing these allegations in a light most favorable to Plaintiff, the Court agrees with the R & R that Plaintiff's medical deliberate indifference claim from May 26, 2017 until November 8, 2018 is sufficiently plead and should proceed.[1]

---

[1] In his objections to the R & R, Plaintiff indicates he is providing supplemental grounds to support the Magistrate's R & R. (Dkt. No. 61 at 10.) He alleges that in June 2018, while under the care of Defendants Price, Smith, and Simmons, he was prescribed psychotropic medication and was not made aware of a change in his medication. (Dkt. No. 61 at 10–11.) In addition, he alleges

Upon a review of Plaintiff's fourth claim for violation of procedural due process, the Court finds the Magistrate Judge ably addressed this issue and dismissed the claim. Plaintiff alleges that the grievance coordinator at SCDC denied him procedural due process because he failed to process two separate SCDC grievances. (Dkt. No. 47 at 14–16.) The Magistrate Judge noted that these grievances (0026-19 BRCI and 00215-19 BRCI) were filed in 2019, after this suit was initiated which indicates Plaintiff has failed to exhaust his administrative remedies regarding these claims. *Custis*, 851 F.3d at 361. Further, the allegations do not sufficiently state a claim upon which relief may be granted because access to the grievance system is not a constitutionally protected right and neither is access to any such procedure voluntarily established by a state. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The Court agrees with the R & R of the Magistrate Judge and dismisses Plaintiff's claims for procedural due process.

The Court reviewed Plaintiff's fifth claim regarding unsafe conditions of confinement and finds that the Magistrate Judge ably addressed these issues. Plaintiff alleges that Defendants Price, Story, and Wright placed him in an unsafe condition of confinement in January 2019 when Plaintiff was exposed to second hand smoke in his cell. (Dkt. No. 47 at 16.) He alleges Defendants allowed inmates to smoke "on the rock" which then caused smoke to seep into Plaintiff's cell through the ventilation system. (*Id.*) The Magistrate Judge correctly determined these claims should be dismissed for failure to exhaust administrative remedies as the complaint alleges they occurred after Plaintiff filed the instant suit. *Custis*, 851 F.3d at 361. As such, Plaintiff's claim concerning the conditions of his confinement is dismissed.

---

Defendants prescribed him anti-depressant medication and morphine without an examination, diagnosis, or treatment from a psychiatrist. (Dkt. No. 61 at 10.)

Plaintiff's sixth claim is against Defendants Hudson, Wright, and Story. Plaintiff alleges Defendants Story and Wright conspired with Defendant Price to refuse Plaintiff medical treatment on or about January 2, 2019. (Dkt. No. 47 at 9.) The Magistrate Judge correctly concluded that it is apparent on the face of the Complaint that Plaintiff has failed to exhaust administrative remedies with regard to these claims and they should be dismissed. *Custis*, 851 F.3d at 361. This Court agrees. The allegation against Defendant Hudson concerns Plaintiff's grievances he alleges were filed in 2019. He alleges that Defendant Hudson directed an inmate to shred Plaintiff's documents. (Dkt. No. 47 at 14.) The allegations against Defendant Hudson fail to state a claim upon which relief may be granted and are dismissed. *Rice*, 40 F.3d at 75. [2]

In summary, the Court dismisses all of Plaintiff's claims except the claim for medical deliberate indifference stemming from May 26, 2017 until the filing of this action on November 8, 2018.

**IV.   Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 57) as the Order of the Court.

**AND IT IS SO ORDERED.**

---

[2] Plaintiff objects to the R & R as to the findings that Plaintiff failed to exhaust his administrative remedies for allegations that occurred after November 8, 2018, the date on which Plaintiff initiated this lawsuit. (Dkt. No. 61 at 11–14.) Plaintiff argues that each ground in the Complaint was exhausted through "kiosk" and SCDC grievance system. (*Id.*) He handwrites correspondence received from "kiosk" dating from March 2019 through June 2019. (Dkt. No. 61 at 11–14). This is insufficient to demonstrate Plaintiff's administrative remedies were exhausted prior to the filing of this lawsuit for any conduct alleged to have occurred after November 8, 2018. *See Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (noting that "inmates may file suits about prison conditions only if administrative remedies as available are exhausted.")

_____
Richard Mark Gergel
United States District Court Judge

October 18, 2019
Charleston, South Carolina