**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Willie Johnson,                              )<br>                                                    )<br>                                                    )<br>                    Plaintiff,              )<br>                                                    )<br>          v.                                       )<br>                                                    )<br>Bryan P. Stirling, West Price;           )<br>Emily A. Farr, Dr. Rick Toomey,    )<br>Elizabeth Simmons; Dr. Stacy Smith, )<br>                                                    )<br>                                                    )<br>                    Defendants.       )<br>_____ ) | Civil Action No. 9:18-3028-RMG<br><br><br><br><br><br>**ORDER** |

### I.     Background

    Plaintiff, Willie Johnson is proceeding *pro se*. He brings an action against Defendants Bryan Stirling, West Price, Emily A. Farr, Elizabeth Simmons, Dr. Stacey Smith, and Dr. Rick Toomey. Plaintiff's Second Amended Complaint alleges several claims against Defendants, but on October 21, 2019, the Court dismissed all of Plaintiff's claims except for deliberate indifference to a serious medical need pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 47; 64). As to Plaintiff's deliberate indifference claim, Plaintiff alleges he was diagnosed with myeloma bone cancer in December 2016 and was transferred to Kirkland Correctional Institute ("KCI") for transfer to an outside medical facility. (Dkt. No. 47 at 9). Plaintiff alleges that in August 2017, Defendant Price improperly cancelled his stem cell transplant that was prescribed by the Medical University of South Carolina ("MUSC"). (*Id.* at 10). Plaintiff alleges he did not receive proper medical care because Defendants Price and Simmons were EMTs and not licensed nurses. (*Id.* at 10-13). In addition, Plaintiff contends that Defendants Stirling, Farr, Dr. Toomey, and Dr. Smith were aware

1

that Defendants Smith and Price were unqualified but hired them and allowed them to treat Plaintiff, which amounts to a violation of Plaintiff's constitutional rights. (*Id.*).

On October 19, 2020, Defendants filed a motion for summary judgment. (Dkt. No. 161). Plaintiff filed a response in opposition (Dkt. No. 166), Defendants filed a reply (Dkt. No. 167), and Plaintiff filed a sur-reply. (Dkt. No. 169). On March 3, 2021, the Magistrate Judge issued an R & R recommending the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's claim. (Dkt. No. 170). On March 19, 2021, Plaintiff filed objections to the R & R. (Dkt. No. 172). The matter is ripe for the Court's adjudication.

## II.     Legal standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id. quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Defendant filed objections and therefore the R & R is reviewed *de novo*.

### III. Discussion

Upon a thorough review of the record, the parties' arguments, and the R & R, the Court finds the Magistrate Judge comprehensively analyzed the issues and correctly determined that Defendants' motion for summary judgment should be granted.

### A. Eleventh Amendment Immunity

3

To the extent Plaintiff asserts claims against Defendants in their official capacities, such claims are barred by the Eleventh Amendment. The Eleventh Amendment bars federal courts from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). There are two methods by which a state's Eleventh Amendment immunity may be overcome, and neither method is applicable here. First, Congress may explicitly legislate to abrogate this immunity. Section 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Second, the state may voluntarily waive its Eleventh Amendment immunity. South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

In this case, Defendants Stirling, Price, Simmons, and Dr. Smith were employed by the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 161-4; 161-5; 161-6). Defendant Farr was employed as the Director of the South Carolina Department of Labor, Licensing, and Regulation ("SCLLR") and Defendant Dr. Toomey was employed as the Director of the South Carolina Department of Health and Environmental Control ("DHEC"). (Dkt. No. 161-3). SCDC, SCLLR, and DHEC are state agencies.[1] As such, to the extent Plaintiff attempts to assert claims Defendants in their official capacity, Defendants are entitled to Eleventh Amendment immunity.

---

[1] Plaintiff objects to the R & R's finding that Defendants are protected by the Eleventh Amendment Immunity. (Dkt. No. 172 at 4-7). The Court finds that Plaintiff's objection is without merit as several courts have found that employees of SCDC, DHEC and SCLLR are protected from suit under Eleventh Amendment immunity. *See Rhoden v. South Carolina Dep't of Corr.*, No. 4:17-2537-HMH-TER, 2017 WL 9288217, at *3 (D.S.C. Oct. 4, 2017) (dismissing claims against prison warden in his official capacity because warden was entitled to Eleventh Amendment immunity), *adopted by*, 2017 WL 5494126 (D.S.C. Nov. 16, 2017), *amended*, 2017 WL 6032341 (D.S.C. Dec. 6, 2017); *Magwood v. Streetman*, C/A No. 2:15-1600-RMG-BM, 2016 WL 5334678, at *4 (D.S.C. Aug. 15, 2016) (noting SCLLR is a state agency entitled to Eleventh Amendment immunity), *adopted by*, 2016 WL 5339579 (D.S.C. Sep. 22, 2016); *Stepheney v. Publix's Food Store Pharmacys CEO*, C/A No. 1:11-3402-MBS-SVH, 2012 WL2502722, at *3 (D.S.C. Jan. 20, 2012)

### B. Deliberate Indifference Claims

Plaintiff asserts a § 1983 deliberate indifference claim against Defendants as individuals. To state a § 1983 claim, a Plaintiff must demonstrate that Defendants, acting under color state law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. Claims that prison officials were deliberately indifferent to an inmate's serious medical needs sounds in the Eighth Amendment, cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1979). To sustain a deliberate indifference claim pursuant to § 1983, a plaintiff must make (1) a subjective showing the officer was deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To meet the subjective component, the officer must have "actual knowledge of the risk of harm to the inmate" and "the officer must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate from his medical needs." *Iko*, 535 F.3d at 241. The subjective prong of a deliberate indifference claim is a "very high standard" and a showing of mere negligence will not meet it. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). To meet the objective component, a serious medical condition is one that has been "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017).

In this case, there is no dispute Plaintiff's myeloma bone cancer is an objectively serious medical condition. Upon a careful review of the record, the parties' arguments, and the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff fails to identify evidence

---

(noting DHEC is a state agency entitled to Eleventh Amendment immunity from § 1983 claims), *adopted sub nom*. *Stepheney v. Publix's Food Store Pharmacy(s)*, C/A No. 1:11-3402-MBS, 2012 WL 2500368 (D.S.C. June 27, 2012).

in the record to support a § 1983 action against Defendants regarding the subjective component of his medical indifference claim.[2]

### 1. Defendants Stirling, Farr, Dr. Toomey, Dr. Smith

Plaintiff appears to assert that Defendants Stirling, Farr, Dr. Toomey, and Dr. Smith are vicariously liable for the medical care provided to plaintiff by Defendants Price and Simmons, as EMTs. The doctrine of *respondent superior* has no application under § 1983. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). There are three elements necessary to establish supervisory liability under § 1983: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff does not set forth evidence to establish supervisor liability under § 1983 as to Defendants Stirling, Farr, Dr. Toomey, and Dr. Smith. The evidence reflects that Defendant Farr is the Director of SCLLR and Dr. Toomey, is the Director of DHEC. (Dkt. No. 161-3). Neither of these Defendants were direct supervisors of Defendants Price and Simmons as SCDC employees. SCDC controls all hiring, training, and firing decisions of its employees. (Dkt. Nos. 161-2; 161-3). Defendants Stirling and Smith are employed by SCDC and Plaintiff appears to allege supervisory liability based on the use of EMTs to provide medical care. (Dkt. Nos. 161-5; 161-6).

---

[2] Plaintiff objects to the Magistrate Judge's findings on pages 6-7 of the R & R that Plaintiff has failed to identify evidence in the record to support a § 1983 action against Defendants with regard to the subjective component of his Eighth Amendment claim. (Dkt. No. 172 at 8-9). Yet, Plaintiff has not come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Yet, Plaintiff failed to identify a specific injury as a result of this practice and fails to identify any conduct of these Defendants that amounts to deliberate indifference.

Plaintiff does not set forth evidence to establish that Defendants Stirling, Farr, Dr. Toomey, and Dr. Smith were directly deliberately indifferent to Plaintiff's serious medical need. Plaintiff must show that the officials were aware of facts from which the inference could be drawn that a substantial risk of harm existed and drew that inference. *Heyer*, 849 F.3d at 211. In her Affidavit, Dr. Smith states that "while the doctors at MUSC believed the stem cell transplant would help, the care Plaintiff received, including aggressive chemotherapy, is a [p]roper course of treatment for myeloma bone cancer." (Dkt. No. 161-6 at 2). Plaintiff seeks to find Defendants liable for the alleged cancellation of his stem cell transplant. (Dkt. No. 47 at 10-13). Dr. Smith states that although MUSC recommended the stem cell transplant, SCDC needed to approve it and the decision to approve was not made by her nor any of the other Defendants. (Dkt. No. 161-6 at 2). Dr. Smith states the stem cell treatment was not officially scheduled and therefore was not ever cancelled. (*Id.*). Disagreements between an inmate and a physician over the inmate's proper medical care fail to state a § 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The Court finds the Magistrate Judge correctly determined that at most, Plaintiff asserts a medical malpractice claim against Defendants, which does not amount to a violation of Plaintiff's Eighth Amendment rights. *Estelle*, 429 U.S. at 106 (explaining that a complaint a physician has been negligent in diagnosing a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment and medical malpractice does not become a constitutional violation merely because the victim is a prisoner.) There is no genuine issue of material fact Defendants Stirling, Farr, Dr. Toomey, and Dr. Smith directly or in a supervisory

capacity, knew of and disregarded an excessive risk of harm to Plaintiff's health or safety. Therefore, summary judgment is granted as to these Defendants.

### 2. Defendants Price and Simmons

Plaintiff alleges that Defendants Price and Simmons were deliberately indifferent to his serious medical needs. Plaintiff alleges he received insufficient medical care because these Defendants provided medical care as EMTs and not licensed nurses. The record contains the Affidavits of Defendants Stirling and Dr. Smith who aver that the use of licensed, supervised EMTs is acceptable under SCDC policies. (Dkt. Nos. 161-5 at 1; 161-6 at 1). In her Affidavit, Defendant Dr. Smith states that the use of licensed, supervised EMTs is comparable to the role of a Licensed Practical Nurse, and that all EMTs used in the infirmaries within SCDC are supervised by an attending, licensed physician, as well as licensed registered nurses. (Dkt. No. 161-6 at 1). Dr. Smith states that EMTs do not make decisions on treatment methods, do not direct the course of an inmate's care, and do not make medical diagnoses; rather, these decisions are delegated to the attending physician and health directors at SCDC. (Dkt. No. 161-6 at 1-2). Defendant Simmons echoes Dr. Smith's statement that as an EMT she does not make decisions to direct treatment and the course of an inmate's care, nor did she make any medial or treatment diagnosis regarding Plaintiff. (Dkt. No. 161-4 at 1-2). Last, Dr. Smith states that Defendants Price and Simmons were properly trained and observed, and that they provided Plaintiff adequate care. (Dkt. No. 161-6 at 1).

As to Plaintiff's allegation that Defendant Price cancelled Plaintiff's stem cell transplant that MUSC prescribed, Plaintiff fails to establish a deliberate indifference claim. The record reflects that EMTs do not determine treatment methods and are not responsible for directing an inmate's care. (Dkt. Nos. 161-4 at 1-2; 161-6 at 2). Defendant Dr. Smith states that MUSC recommended

a stem cell transplant, but the transplant was never approved by SCDC and was cancelled because it was never officially scheduled. (Dkt. No. 161-6 at 2). Plaintiff has not provided any evidence to demonstrate that Defendants Price and Simmons knew of and disregarded an excessive risk to Plaintiff's health or safety.[3] Therefore, summary judgment is appropriate as to Defendants Price and Simmons.

### 3. Qualified Immunity

Upon a review of the record, the parties' arguments, and the R & R, the Court finds the Magistrate Judge correctly determined that Defendants are protected by qualified immunity. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court must first make a threshold inquiry of whether a plaintiff's allegations, if true, establish a clear constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If a violation of a constitutional right exists, qualified immunity shields a prison official from liability unless the violation was of a "clearly established right of which a reasonable person would have known." *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003) (citing *Saucier*, 533 U.S. at 201). In *Pearson v. Callahan*, the United States Supreme Court held that the district court has discretion to determine which of the two prongs of the qualified immunity analysis should be

---

[3] In response to Defendants' motion for summary judgment, Plaintiff includes the Affidavit of Barry L. Singer, M.D. (Dkt. No. 166-3 at 2-5). Mr. Singer's Affidavit is in support of a medical malpractice claim Plaintiff brought in the Court of Common Pleas for Richland County. *Willie Johnson v. South Carolina Dep't of Corr.*, C/A No. 2019CP4001890. Plaintiff may pursue a medical malpractice case in state court, but the alleged medical malpractice in this situation does not give rise to a constitutional claim asserted under § 1983. *Estelle*, 429 U.S. at 106.

9

addressed first in light of the circumstances presented in the case at hand. 555 U.S. 223, 226-7, 237 (2009).

In this case, the evidentiary record establishes that Plaintiff failed to establish a genuine issue of material fact as to his allegations his constitutional rights were violated. The Magistrate Judge found that because Defendants did not violate Plaintiff's constitutional rights, they are also shielded from liability by qualified immunity. Plaintiff generally objects to the Magistrate Judge's finding on qualified immunity. (Dkt. No. 172 at 13-14). Plaintiff's objection is without merit as the record establishes Defendants did not violate his constitutional rights, and under *Pearson,* it is not necessary to proceed to the second step of the qualified immunity test. 555 U.S. at 236-43.

**IV.     Conclusion**

For the reasons stated above, the Court **ADOPTS t**he R & R as the Order of the Court. (Dkt. No. 170). Defendant's motion for summary judgment (Dkt. No. 161) is **GRANTED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Court Judge

April 2, 2021
Charleston, South Carolina